COURT OF APPEALS OF VIRGINIA


Present: Judges Willis, Bray and Humphreys
Argued at Richmond, Virginia


MICHAEL D. JARRELL

MEMORANDUM OPINION* BY
v.    Record No. 0984-01-2        JUDGE JERE M. H. WILLIS, JR.
JUNE 18, 2002
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF COLONIAL HEIGHTS
William R. Shelton, Judge

James M. Goff II (James M. Goff II, P.C., on
brief), for appellant.

Linwood T. Wells, Jr., Assistant Attorney
General (Jerry W. Kilgore, Attorney General,
on brief), for appellee.


Michael Jarrell was convicted in a bench trial of four counts

of aggravated sexual battery, in violation of Code § 18.2-67.3.

On appeal, he contends that the trial court erred in admitting for

impeachment purposes evidence of his prior conviction for

contributing to the delinquency of a minor.  He further contends

that the evidence was insufficient to support his convictions.  We

affirm the judgment of the trial court.

I.   BACKGROUND

It was charged that on five occasions between July 1999 and

December 1999, Jarrell touched the breasts, buttocks, or groin

_____

    * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

of a twelve-year-old girl.  At trial, the girl testified that some of the touchings occurred in the presence of Jarrell's girlfriend and of his son.  When asked why she delayed reporting the incidents, she said she was afraid because Jarrell owned guns and she feared he would hurt her or someone else if she told what he had done.  Jarrell's girlfriend and son both testified that they did not recall seeing contact between him and the girl.

Jarrell testified that none of the incidents described by the girl took place.  He stated that in December 1999, he had an argument with the girl's mother and had sworn out a warrant against her.  Soon thereafter, he was arrested on warrants setting forth the subject charges.  During cross-examination, Jarrell was asked whether he had ever been convicted of a felony or a misdemeanor involving lying, cheating, or stealing.  He answered that he was "going to say no."  Upon further questioning, he acknowledged convictions for passing bad checks, giving false information to a police officer, and failing to return rental property.

The Commonwealth's attorney then asked Jarrell whether he remembered being convicted in 1997 of contributing to the delinquency of a minor.  Jarrell stated he recalled no such conviction.  Over the objection of Jarrell's attorney, the trial court permitted the Commonwealth to prove conviction of that

-

charge.  The trial court convicted Jarrell of four counts of aggravated sexual battery.

## II.  PRIOR CONVICTION ERRONEOUSLY ADMITTED

Jarrell contends that the trial court erred in admitting, for impeachment purposes, evidence of his prior conviction of contributing to the delinquency of a minor.  We agree.

Proof of a defendant's prior conviction of a felony or a misdemeanor involving moral turpitude is admissible for impeachment.  The Supreme Court has held that contributing to the delinquency of a minor is not per se a crime of moral turpitude.  Therefore, a mere conviction of that crime, absent proof of circumstances of moral turpitude, cannot be used to impeach the credibility of a defendant.  Tasker v. Commonwealth, 202 Va. 1019, 1025, 121 S.E.2d 459, 463 (1961).  No evidence that Jarrell's conviction involved moral turpitude was presented in this case.  Therefore, the trial court erred in allowing the Commonwealth to introduce evidence of Jarrell's prior conviction of contributing to the delinquency of a minor.  However, we find that error to be harmless in this case.

The erroneously admitted evidence was received solely for purposes of impeachment.  Jarrell's credibility was abundantly impeached by his acknowledged convictions of felonies and other misdemeanors involving moral turpitude.  His conviction of a further misdemeanor had little significance, if any, in impeaching his credibility.

-

Jarrell argues that the nature of the erroneously admitted conviction was prejudicial to him, suggesting a propensity on his part to engage in improper conduct with children. Had this been a jury trial, that argument might be persuasive. However, this was a bench trial. The evidence was admissible and received only as impeachment of Jarrell's credibility. In the absence of proof to the contrary, we presume that the trial judge received and considered the evidence only for the purpose for which it was tendered and received. A trial judge is presumed to apply the law correctly and to consider evidence within its proper context. See Yarborough v. Commonwealth, 217 Va. 971, 978, 234 S.E.2d 286, 291 (1977); Mason v. Commonwealth, 219 Va. 1091, 1098, 254 S.E.2d 116, 120 (1979).

### III.  SUFFICIENT EVIDENCE EXISTED

Jarrell next contends that the evidence was insufficient to prove his guilt beyond a reasonable doubt. We disagree. When the sufficiency of the evidence is challenged on appeal, we consider the evidence in the light most favorable to the Commonwealth, affording to it all reasonable inferences fairly deducible therefrom. Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

Arguing that reasonable doubt exists, Jarrell notes that the girl gave conflicting statements during the investigation, preliminary hearing, and trial; that she could not identify specifically where and when the alleged incidents occurred; and

-

that no independent witness corroborated her accusations.  He argues that his witnesses contradicted the uncorroborated testimony of the girl.

The credibility of witnesses, the weight to be given their testimony, and the inferences to be drawn from proven facts are matters solely for the fact finder's determination.  Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1986). The conclusions of the fact finder on issues of witness credibility may be disturbed on appeal only if the witness' testimony was "inherently incredible, or so contrary to human experience as to render it unworthy of belief."  McCary v. Commonwealth, 36 Va. App. 27, 41, 548 S.E.2d 239, 246 (2001).

The victim's testimony in this case was not inherently incredible or unworthy of belief.  She testified as to the times when the acts committed upon her took place.  She testified to the locations where the acts were committed.  She testified to the exact nature of the acts.  Although she may have given conflicting statements, this did not render her testimony inherently incredible.  Her testimony is sufficient to support the convictions.

The judgment of the trial court is affirmed.

Affirmed.

-